UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD GAMBRELL, | No. 2:14-cv-1123-CKD |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") finding plaintiff did not continue to be disabled for purposes of receiving Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born April 28, 1961, applied for SSI benefits on October 5, 2011, alleging disability beginning October 22, 2009. Administrative Transcript ("AT") 25, 46. Plaintiff alleged he was unable to work due to complications arising from having human immunodeficiency virus ("HIV"), acquired immune deficiency syndrome ("AIDS"), Hepatitis C, and depression, among other impairments. AT 49-50, 62. In a decision dated January 8, 2013,

the ALJ determined that plaintiff was not disabled.[1]  AT 25-34.  The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant has not engaged in substantial gainful activity since October 5, 2011, the application date.
>
> 2. The claimant has the following severe impairments: human immunodeficiency virus (HIV), acquired immune deficiency syndrome (AIDS) and depression.
>
> 3. At no time relevant did claimant have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 4. After careful consideration of the entire record, the

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76,  416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). He can frequently stoop, crouch, crawl and kneel. He is limited to simple repetitive tasks with occasional contact with co-workers, supervisors and the public.

5. The claimant has no past relevant work.

6. The claimant was born on April 28, 1961 and was 50 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed.

7. The claimant has a limited education and is able to communicate in English.

8. Transferability of job skills is not an issue because the claimant does not have past relevant work.

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10. The claimant has not been under a disability, as defined in the Social Security Act, since October 15, 2011, the date the application was filed.

AT 26-34.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) improperly discounted the opinion of plaintiff's treating physician, Dr. Smith, when determining plaintiff's residual functional capacity ("RFC") and (2) improperly assessed the credibility of plaintiff's testimony.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

1  ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).
2  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one
3  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

4  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th
5  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's
6  conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not
7  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see
8  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the
9  administrative findings, or if there is conflicting evidence supporting a finding of either disability
10 or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,
11 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in
12 weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

A.   The ALJ Properly Discounted Dr. Smith's Opinion

First, plaintiff argues that the ALJ erred in assigning "little weight" to the opinion of Dr. Smith, plaintiff's treating psychiatrist. Specifically, he asserts that the ALJ erred because he "gave no reasons for rejecting Dr. Smith's opinion that plaintiff was limited to 'low stress' work," did not either adopt or expressly reject Dr. Smith's opinion concerning plaintiff's mental limitations, and gave legally inadequate reasons for rejecting Dr. Smith's opinion that plaintiff would miss up to two days per week of work due to his impairments. Plaintiff further asserts that these errors require the court to credit Dr. Smith's opinion as true as a matter of law.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

/////

/////

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record, and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. Id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

On October 12, 2012 Dr. Smith wrote plaintiff's attorney a letter, which noted that plaintiff suffers from HIV, AIDS, major depression, hypertension, impaired renal function, and Hepatitis C. AT 370. He also noted that plaintiff "would miss two days per week from fatigue[,] nausea and headaches," "has problems with concentration," and could "follow simple instructions." Id.

On November 6, 2012, Dr. Smith issued a medical assessment regarding plaintiff's ability to do mental work-related activities. AT 371-73. In this assessment, Dr. Smith noted that he began treating plaintiff on October 15, 2012. AT 371. Dr. Smith gave plaintiff a principal diagnosis of recurrent major depression and secondary diagnoses of HIV, AIDS, and Hepatitis C. Id. Dr. Smith opined that plaintiff had "mild" limitations regarding his ability to relate to coworkers, use judgment, and understand, remember, and carry out simple instructions. AT 372. He further opined that plaintiff had "moderate" limitations regarding his ability to follow work rules, deal with the public, deal with work stresses, maintain attention and concentration, and

maintain understand remember, and carry out detailed, complex job instructions. Id. He also determined that plaintiff had "moderate" limitations in his ability to make certain personal and social adjustments in the workplace, such as behaving in an emotionally stable manner, relating predictably in social situations, and demonstrating reliability. AT 373. Dr. Smith noted that plaintiff "has severe intermittent fatigue" that would cause plaintiff to be "not functional [for] up to 2 days per week." AT 372. Dr. Smith further determined that plaintiff could tolerate working in a low stress environment and would likely need to be absent "more than three times a month" due to his impairments. AT 373. Finally, he noted that plaintiff's symptoms would likely increase in severity if plaintiff were placed in a competitive work environment. Id.

The ALJ gave Dr. Smith's opinion "little weight" because "[h]is opinions are out of his field, he did not perform a physical examination of [plaintiff] and his opinions are not supported by the treatment record but by [plaintiff's] subjective complaints." AT 32. As an initial matter, plaintiff's argument that the ALJ failed to adopt, dismiss, or even address particular aspects of Dr. Smith's opinion is without merit. With regard to Dr. Smith's opinion, the ALJ stated in his decision that "*the opinion* is given little weight" and that "[h]is *opinions* are out of his field" and "not supported by the treatment record." AT 32 (emphasis added). By referring to both Dr. Smith's overall opinion and the constituent "opinions" that make up that overall assessment, and basing his RFC determination on a consideration of the "opinion evidence in accordance with the requirements" of the appropriate regulations and SSRs, which require the ALJ to consider and weigh all of the medical opinions in the record, see generally 20 C.F.R. § 416.927, the ALJ made it clear that he considered the aspects of Dr. Smith's opinion that plaintiff highlights in his motion. Contrary to plaintiff's contention, the ALJ considered all aspects of Dr. Smith's opinion, including Dr. Smith's determinations regarding plaintiff's mental limitations.

Plaintiff's other argument, that the ALJ's reasons for discounting Dr. Smith's opinion that plaintiff suffered from severe fatigue that prevented him from working for up to 2 days per week were improper, is also not well taken. The ALJ may give a treating physician's opinion little to no weight if it is conclusory and supported by minimal clinical findings. Meanel, 172 F.3d at 1114 (treating physician's conclusory, minimally supported opinion rejected); see also

Magallanes, 881 F.2d at 751.  Despite treating plaintiff only for mental health matters, Dr. Smith opined that plaintiff had "severe intermittent fatigue" that caused him to be "[n]ot functional [for] up to 2 days per week."  AT 372.  As the ALJ highlighted in his decision, there is no evidence in the record indicating that Dr. Smith gave plaintiff a physical examination.  In fact, according to plaintiff's own testimony, Dr. Smith treated plaintiff only for his mental impairments.  See AT 63 (testifying that Dr. Smith "just talks to me about my problems" and prescribes plaintiff medication for anxiety and depression).  Given the apparent lack of independent clinical analysis of plaintiff's physical impairments by Dr. Smith, the ALJ's determination that Dr. Smith's opinion concerning the severity and impact of plaintiff's fatigue merely reflected plaintiff's own subjective complaints was justified by substantial evidence in the record.  See Tommasetti, 533 F.3d at 1041 (finding that an adverse credibility determination regarding the claimant's testimony supported the ALJ's rejection of physician's opinion that appeared to be primarily based on the claimant's subjective comments concerning his condition).

   Furthermore, as the ALJ noted in his decision, none of the other physicians in the record opined limitations as severe as those opined by Dr. Smith.  For instance, Dr. Chiong, a consultative examining physician who performed an independent physical examination of plaintiff, opined that plaintiff was capable of standing or walking for up to 6 hours in an 8-hour workday, had no sitting limitations, and had very mild limitations regarding bending and lifting activities.  AT 325.  Dr. Chiong also noted that plaintiff had a normal neurologic examination and did not find plaintiff to suffer from the severe fatigue Dr. Smith opined.  AT 324.  Similarly, with respect to plaintiff's mental limitations, Dr. Canty, an examining psychiatrist who performed an independent mental examination of plaintiff, opined no "functionally significant psychiatric symptoms."  AT 306.  As the ALJ noted in his decision, the opinions of these two examining physicians are "consistent with the balance of the medical record" and were based on independent clinical findings.  AT 32.  Accordingly, these two opinions, by themselves, constituted substantial evidence in support of the ALJ's determination that Dr. Smith's opinion was entitled to "little weight" because it conflicted with the other medical evidence in the record.  See Andrews, 53 F.3d at 1041 (noting that a non-treating examining physician's opinion that conflicts with a

treating physician's opinion can constitute substantial evidence for discounting the treating physician's opinion when it "is based on independent clinical findings").

Moreover, beyond his minimally-supported physical assessment, Dr. Smith opined that plaintiff's impairments, particularly his depression, caused only "mild" to "moderate" mental limitations. See AT 372-73. Even assuming, without deciding, that the ALJ erred in not expressly listing such mild to moderate mental limitations in the RFC, any such error was harmless. See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("we may not reverse an ALJ's decision on account of an error that is harmless"). The Ninth Circuit Court of Appeals has already held that depression causing only moderate limitations, such as those opined by Dr. Smith, is not "a sufficiently severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation" determined by the ALJ. Hoopai v. Astrue, 499 F.3d 1071, 1077 (9th Cir. 2007) (involving an assessment that the claimant had depression that caused him to be moderately limited in "his ability to maintain attention and concentration for extended periods; his ability to perform activities within a schedule, maintain regular attendance, and be punctual with customary tolerance; and his ability to complete a normal workday and workweek without interruption from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods"). Accordingly, even had the ALJ erred in his assessment of Dr. Smith's opinion regarding plaintiff's mental limitations, such error would have been, at most, harmless.

In sum, the ALJ did not commit error in assigning "little weight" to Dr. Smith's opinion because he provided multiple specific and legitimate reasons for discounting this opinion that were supported by substantial evidence in the record.

B.  The ALJ Properly Assessed Plaintiff's Credibility

Second, plaintiff asserts that the ALJ erred in finding plaintiff's testimony regarding the intensity, persistence, and limiting effects of his impairments not credible to the extent it was inconsistent with the ALJ's RFC determination. Specifically, plaintiff argues that the ALJ gave improper reasons for discounting plaintiff's testimony that were not supported by substantial evidence in the record.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

/////

/////

Here, the ALJ found plaintiff's testimony not credible based on the following rationale:

> While the undersigned accepted the determination of the state agency physicians who acknowledged [a] finding of HIV/AIDS, the record shows scant medical treatment for his complaints of alleged disabling impairments. At the hearing, [plaintiff] seemed alert and oriented and in no distress from the fatigue and stomach problems, he alleges. The [plaintiff] also complained of diarrhea, headaches, back and hypertension, however all of his physical examinations have been essentially normal. He has no problems with his personal care. He walks and uses public transportation. His HIV is clinically stable and has been compliant with his medications. His CD4 counts are progressively going up with the last one being above 200.

AT 32-33 (citations to the administrative transcript omitted). These were clear and convincing reasons for discounting plaintiff's testimony that were based on substantial evidence in the record.

First, the ALJ reasoned that the existence of scant medical treatment for the impairments plaintiff alleged to be disabling and plaintiff's apparently favorable response to his prescribed medications indicated that plaintiff's claims regarding the debilitating nature of his impairments were not credible. An ALJ may use evidence of conservative treatment and a claimant's favorable response to that treatment to support an adverse credibility finding. See Tommasetti, 533 F.3d at 1039-40 (a favorable "response to conservative treatment undermines [a claimant's] reports regarding the disabling nature" of his or her impairments); Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment."); Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989); Meanel, 172 F.3d at 1114 (ALJ did not err in rejecting claimant's testimony regarding symptoms of pain because ALJ properly considered both the physician's failure to prescribe and the claimant's failure to request serious medical treatment for supposedly excruciating pain); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (ALJ properly found physician's conservative treatment only to be suggestive of lower level of pain and functional limitation).

/////

/////

Furthermore, substantial evidence in the record supported the ALJ's proper reasoning. For instance, with respect to plaintiff's diagnosis of HIV/AIDS, the record shows that plaintiff's medication for this impairment steadily increased his CD4 count, which indicates that his condition was steadily improving. AT 370. The balance of the medical evidence indicates that plaintiff did not suffer from disabling complications related to this disease during the relevant period, suggesting that the disease was well controlled by plaintiff's medications. See, e.g., AT 321 (diagnosing plaintiff with AIDS and opining that plaintiff's impairments caused only mild work-related restrictions). In addition, the record indicates that outside of medications for HIV/AIDS, plaintiff received only minimal treatment and medication. See, e.g., AT 56 (plaintiff's testimony that he does not take any pain relievers), 265, 321 (noting that plaintiff was only taking medication for HIV/AIDS), 370. While plaintiff points out that plaintiff's HIV/AIDS prevented him from receiving medication to help control his Hepatitis C, there is little medical evidence in the record that this impairment caused plaintiff disabling limitations. See AT 321. Because the record indicates that plaintiff received only moderate treatment and responded well to his conservative medicine regimen, the ALJ was not in error when he used these facts to support his adverse credibility determination.

The ALJ also based his determination in part on the fact that plaintiff appeared to exhibit behavior at the administrative hearing that was contrary to plaintiff's claims of fatigue and stomach problems. In particular, he noted that plaintiff appeared alert and oriented and did not express signs of distress while giving testimony. The ALJ's use of these observations to support his negative credibility determination was proper. See Social Security Ruling ("SSR")[2] 96-7p, 1996 WL 374186; Quang Van Han, 882 F.2d at 1458 (holding that the ALJ's observations of the claimant's behavior at the administrative hearing "constitute[d] the requisite 'specific findings'" to justify the ALJ's conclusion that the claimant was "overdramatizing his feelings of pain").

---

[2] Social Security Rulings "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted." 20 C.F.R. § 402.35(b)(1). Social Security Rulings are "binding on all components of the Social Security Administration." Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984); cf. Silveira v. Apfel, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings ... unless they are plainly erroneous or inconsistent with the Act or regulations").

Third, the ALJ further noted that plaintiff's medical records presented largely normal examination findings that failed to reflect plaintiff's subjective complaints regarding the severity of his impairments. In particular, outside of Dr. Smith's opinion, which the ALJ properly rejected for the reasons stated above, no treating or examining physician opined that plaintiff suffered from debilitating fatigue and plaintiff's treating records do not provide clinical findings suggesting that plaintiff had such a condition. See, e.g., AT 320-26, 265-66, 274-75, 305, 356-57. While an ALJ may not rely solely on the lack of objective medical findings to discredit a claimant, see Thomas, 278 F.3d at 960, the ALJ here used the medical evidence in the record that conflicted with plaintiff's allegations concerning the severity of his symptoms to corroborate the determination that plaintiff's testimony was exaggerated, rather than relying on it as the sole basis for the credibility finding. Because the ALJ provided other clear and convincing reasons for finding plaintiff not credible, the ALJ's discussion of inconsistencies between plaintiff's testimony and the findings of his treating and examining doctors in the medical record as an additional reason for finding plaintiff not credible was not in error. Burch, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

Finally, the ALJ also noted that the daily living activities plaintiff described during the hearing undermined his testimony regarding the debilitating nature of his impairments. Generally, "[i]nconsistencies between a claimant's testimony and the claimant's reported activities provide a valid reason for an adverse credibility determination." Burrell v. Colvin, 775 F.3d 1133, 1137-38 (9th Cir. 2014) (citing Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). Plaintiff asserts, however, that the ALJ failed to specify which of plaintiff's daily living activities supported the ALJ's determination that plaintiff's testimony was not credible. Plaintiff claims that the ALJ merely pointed to plaintiff's "good activities of daily living" as a reason for discounting plaintiff's testimony, which was not specific enough to constitute a "clear and convincing" reason. AT 33; ECF No. 19 at 13. However, when addressing plaintiff's testimony in his decision, the ALJ specifically pointed to plaintiff's testimony that he has no problems with personal care and walks and uses public transit almost daily as being contrary to plaintiff's claims

of debilitating pain.  See AT 32.  Indeed, plaintiff's statements regarding his almost daily use of public transportation to go to the outlet mall where he would spend his day walking around and occasionally sitting, see AT 54, 61, contradicted his claims of severe fatigue and debilitating pain.  Substantial evidence in the record supported the ALJ's determination that plaintiff's testimony regarding his daily living activities contradicted his claims indicating that his impairments were disabling.  Accordingly, the ALJ's use of this reason to support his adverse credibility determination was not in error.

Because the ALJ gave several clear and convincing reasons for discounting plaintiff's testimony that were supported by substantial evidence in the record, his adverse credibility determination was not made in error.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 23) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  May 6, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

11 Gambrell.ss